## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**TERRANCE A. COLBERT,**              :

        **Plaintiff**              :    **CIVIL ACTION NO. 3:20-1066**

    **v.**              :    **(JUDGE MANNION)**

**ALLSTATE PROPERTY AND**              :
**CASUALTY INSURANCE**
**COMPANY, *et al.*,**              :

      **Defendants**              :

## O R D E R

Pending before the court is the report of Magistrate Judge William I. Arbuckle which recommends that the defendants' motion to dismiss the plaintiff's complaint be granted with respect to the plaintiff's breach of contract and unjust enrichment claims and denied in all other respects. (Doc. 26). Defendants have filed objections to Judge Arbuckle's report. (Doc. 27).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, on June 24, 2020, plaintiff, along with Hal H. Harris,[1] filed the instant action alleging claims of breach of contract, negligent misrepresentation, bad faith, civil conspiracy, unfair and deceptive trade practices, and unjust enrichment against defendant Allstate Property and Casualty Insurance Company ("Allstate") and its agent, Debra Colucci.

---

[1] Mr. Harris filed a notice of voluntary dismissal on April 28, 2021, and is no longer a party in this action. (Doc. 19, Doc. 25).

Defendants filed a motion to dismiss the plaintiff's action arguing that the court need not reach the merits of the plaintiff's claims because of procedural defects in the complaint and because the plaintiff did not comply with the insurance policy's one-year suit limitation clause. (Doc. 6, Doc. 7).

In addressing defendants' motion to dismiss, Judge Arbuckle found that the limitations provision bars the plaintiff's breach of contract claim, but not the statutory bad faith claim, which is independent of the underlying contract claim. Although defendants did not address whether the plaintiff's tort claims arise under the contract, are subject to the policy's limitations clause, are barred by the policy's limitation period or applicable statute of limitations, or that they fail on the merits, in reviewing the allegations of the complaint, Judge Arbuckle found that the unjust enrichment claim was clearly based on the insurance contract and was therefore barred by the gist of the action. As to the remaining tort claims, while Judge Arbuckle had doubts as to the merits of the claims or their timeliness, without briefing by defendants, Judge Arbuckle chose not to address them *sua sponte* and, instead, indicated that the defendants could address the claims at a later time.

Defendants have filed objections to Judge Arbuckle's report in which they argue that the plaintiff's unfair and deceptive trade practices claim fails

- 3 -

on the merits and that the plaintiff's claims for negligent misrepresentation, civil conspiracy and unfair and deceptive trade practices must fail as those claims accrued on dates which render them barred by a one-year "catch all" provision in the applicable policy. As reflected in Judge Arbuckle's report, these arguments were not raised before him and therefore he did not have the opportunity to address these arguments with full briefing. Accordingly, the court will not overrule Judge Arbuckle's report on these bases. As indicated by Judge Arbuckle in his report, the defendants may raise any limitations defense to the plaintiff's tort claims at a later date, i.e., through a motion for summary judgment. So too, they may raise any challenge to the merits of the plaintiff's claims through such a motion.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) The defendants' objections to Judge Arbuckle's report and recommendation **(Doc. 27)** are **OVERRULED**.

(2) The report and recommendation of Judge Arbuckle **(Doc. 26)** is **ADOPTED IN ITS ENTIRETY**.

(3) The defendants' motion to dismiss **(Doc. 6)** is **GRANTED IN PART AND DENIED IN PART**.

(4) The defendants' motion to dismiss is **GRANTED** as to the plaintiff's breach of contract and unjust enrichment claims.

- 4 -

**(5)** The defendants' motion to dismiss is **DENIED IN ALL OTHER RESPECTS**.

**(6)** The instant action is **REMANDED** to Judge Arbuckle for further proceedings.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 16, 2021**
20-1066-01

- 5 -